SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
JULIE ZATZ (Cal. Bar No. 155560)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-7349
     Facsimile: (213) 894-7819
     E-mail: Julie.Zatz@usdoj.gov
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| STACY GRIFFIN,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF MERICA,<br><br>     Defendant. | Case No CV 17-06395-GW(KSx)<br><br>UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:    January 18, 2018<br>Time:    8:30 A.M.<br>Courtroom:  9D<br>Hon. George H. Wu<br><br>[Fed. R. Civ. 12(b)(1) and (6) |

1.    <u>NOTICE OF MOTION AND MOTION TO DISMISS
       BY DEFENDANT, UNITED STATES OF AMERICA</u>

2.    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

Please take notice that on January 18, 2018, at 8:30 a.m., or as soon thereafter as the parties may be heard, in the courtroom of the Honorable George Wu, United States District Judge, United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 9D, 9th Floor, Defendant United States of America will bring on for hearing the within Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), dismissal of Plaintiff's Complaint is warranted because, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b) et seq., the United States has not waived its sovereign immunity to suit for the alleged conduct of employees, which is, as a matter of California law, outside of the course and scope of their employment. Moreover, Plaintiff's allegation of negligent failure by the Transportation Safety Administration ("TSA") to properly screen and supervise its employees is immune from suit pursuant to the discretionary function exception of 28 U.S.C. § 2680(a). Thus, Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction.

Further, Plaintiff appears to allege that TSA breached a duty owed to her to prevent the disappearance of her watch. Such a bare allegation of negligence fails to state a claim upon which relief can be granted and should be dismissed. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

/     /     /

/     /     /

/     /     /

/     /     /

/     /     /

i

1    This motion is made following multiple exchanges between undersigned counsel

2  and Plaintiff in <u>pro per</u> prior to November 10, 2017 pursuant to Local Rule 7-3.

3  DATED:  November 20, 2017                    Respectfully submitted,

4                                              SANDRA R. BROWN

5                                              Acting United States Attorney

6                                              DOROTHY A. SCHOUTEN
                                               Assistant United States Attorney

7                                              Chief, Civil Division

8                                              ROBYN-MARIE LYON MONTELEONE
                                               Assistant United States Attorney

9                                              Chief, General Civil Section

10                                             /s/ Julie Zatz

11                                             JULIE ZATZ

12                                             Assistant United States Attorney
                                               Attorneys for Defendant United States

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Plaintiff pro se, Stacy Griffin brings suit under the FTCA for money damages arising from the loss of her watch at a TSA security checkpoint at the Los Angeles International Airport ("LAX").  As set forth below, the United States has not waived its sovereign immunity to suit for the acts and/or omissions of its employees which are, as a matter of state law, outside of the course and scope of their employment.  28 U.S.C. §1346 (b)(1).  Moreover, dismissal of Plaintiff's Complaint is warranted because this Court lacks subject matter jurisdiction over Plaintiff's allegation of negligent failure by the Transportation Safety Administration ("TSA") to properly screen and supervise its employees so that they do not steal items from the travelling public. 28 U.S.C. §2680(a). In addition, Plaintiff's bare allegations of negligence on the part of the TSA arising from the disappearance of her watch fails to state a claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 citing  Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007).  Thus, Plaintiff's Complaint must be dismissed with prejudice for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

II.  STATEMENT OF FACTS

On September 14, 2015, Plaintiff was travelling through LAX. At the TSA security screening checkpoint, she alleges that she removed her watch as instructed and placed it in a TSA basket.  Complaint at ¶¶ 1-2. After she had cleared security, she walked away, leaving her watch behind.  Plaintiff alleges that sometime after she boarded her flight, she realized that she had not retrieved her watch.  She immediately contacted airport security, and did so again upon her return from her trip, but to no avail. Complaint, ¶¶ 3-4.  Plaintiff alleges that the TSA negligently failed to secure her watch from theft.  The only concrete allegation she posits in this regard is that a TSA employee stole her watch.  Complaint at ¶8.

1

III.   ARGUMENT

    A.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED
        FOR LACK OF SUBJECT MATTER JURISDICTION

        1.   Alleged TSA Employee Theft is Outside of
            the Course and Scope of Employment

The United States, as sovereign, is immune from suit save as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA's limited waiver of sovereign immunity extends only to "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §1346(b)(1). The determination of whether an employee's actions are within the scope of employment is controlled by state law. Id.; see also Pelletier v. Fed. Home Loan Bank of San Francisco, 968 F.2d 865, 876 (9th Cir. 1992) ("The question whether a federal employee whose allegedly tortious conduct is the subject of a lawsuit under the FTCA was 'acting within the scope of his office or employment' at the time of the injury is to be answered according to the principles of respondeat superior of the state in which the alleged tort occurred.").

Under California law, an act is not within the scope of employment unless (1) it is required or incident to the employee's duties, or (2) it is reasonably foreseeable in light of the employer's business. Bailey v. Filco, Inc., 48 Cal. App. 4th 1552, 1559 (1996); see also CACI 3720. Additionally, an employer is not "vicariously liable for an employee's malicious or tortious conduct if the employee substantially deviates from the employment duties for personal purposes." Farmers Ins. Grp. v. Cty. of Santa Clara, 11 Cal. 4th 992, 1005 (1995) (emphasis in original) (citing Alma W. v. Oakland Unified Sch. Dist., 123 Cal. App. 3d 133, 139 (1981). Thus, "[i]f an employee's tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of respondeat superior." Id. (citing Alma W., 123 Cal. App. 3d at 140). In such cases, the losses do not foreseeably result from the conduct of the

employer's enterprise and so are not fairly attributable to the employer as a cost of doing business. Id.

In her Complaint, Plaintiff never clearly alleges how her watch disappeared, but she strongly implies that it was stolen by a TSA employee. See Complaint at ¶8. Assuming that a TSA employee stole Plaintiff's watch, Plaintiff has failed to allege any facts in the Complaint demonstrating that the TSA employee was acting within the scope of his or her employment while doing so. Such employee theft would only serve a purely personal purpose and, thus, falls outside of the scope of employment. Moreover, any such theft would be inconsistent with the TSA's mission.[1] Stealing a traveler's watch at a security checkpoint would not benefit the TSA in any way, and would only serve to personally benefit the employee. Based on the TSA's mission, an employee who steals from travelers "substantially deviates from his duties for personal purposes." Farmers Ins. Grp., 11 Cal. 4th at 1005 (citing Alma W., 123 Cal. App. 3d at 139); see also Ins. Co. of N. Am. v. Fed. Exp. Corp., 189 F.3d 914, 922–23 (9th Cir. 1999) (applying California law and holding that the employer was not vicariously liable for theft of goods by its' employee: "[I]t is beyond dispute that the theft was a substantial deviation from the employee's duties and served only the personal purposes of individual gain at the expense of the employer.").[2]

---

[1] The TSA's mission is to "[p]rotect the nation's transportation systems to ensure freedom of movement for people and commerce." See Mission, Vision, and Core Values, Transportation Security Administration, available at https://www.tsa.gov/about/tsa-mission; Amberg-Blyskal v. Transp. Sec. Admin., 832 F. Supp. 2d 445, 449 (E.D. Pa. 2011) ("Amberg-Blyskal I"). ("The purpose of the TSA is to ensure safe commercial airline travel. The taking of items such as jewelry from luggage does nothing to promote safety. Rather such action can only be viewed as outside of the employer's control since it is motivated by the employee's personal gain.").

[2] Moreover, the fact that any alleged theft by a TSA employee may have occurred during the employee's working hours at his or her place of business does not make the tort incidental to employment: "mere presence at the place of employment and

3

1    The alleged offense that occurred in this case was "personal in nature," as the act
2    in no way benefitted the TSA and did not "foreseeably result from the conduct of the
3    enterprise." <u>Farmers Ins. Group</u>, 11 Cal. 4th at 1003. Therefore, even if it can be inferred
4    from the Complaint that a TSA employee had been performing job duties by inspecting
5    items at the security checkpoint prior to and immediately after the tort was committed,
6    this is not sufficient to show that the TSA employee was acting within the scope of
7    employment by allegedly stealing Plaintiff's watch.

8    California federal courts have concluded specifically that the alleged theft of
9    personal property by a TSA employee falls outside the scope of employment.  <u>See</u> <u>Tully</u>
10   <u>v. Transp. Sec. Admin.</u>, No. CV 12-1591 MEJ, 2012 WL 3249513, at *2 (N.D. Cal.
11   Aug. 7, 2012)( TSA employee's alleged theft of Plaintiff's jewelry which was left behind
12   at the screening site outside of course and scope of employment);  <u>Thomas v. Transp.</u>
13   <u>Sec. Admin.</u>, Civil No. 09cv1490 JAH (CAB) (S.D. Cal. July 11, 2011), slip op. at 3
14   (TSA agent's alleged act of stealing a camera and phone charger out of a bag "is not
15   acting within the scope of employment because theft, or conversion, is not the kind of
16   conduct the agent is employed to perform.").  Indeed, other federal courts have reached
17   the same conclusion.[3]

_____

18   attendance to occupational duties prior or subsequent to the offense will not give rise to a
19   cause of action against the employer" when the employee's tort is "personal in nature."
20   <u>Alma W.</u> at 140.  <u>See</u> <u>also</u> <u>Ins. Co. of N. Am.</u>, 189 F.3d at 922 (<u>quoting</u> <u>Lisa M. v. Henry</u>
21   <u>Mayo Newhall Mem'l Hosp.</u>, 12 Cal. 4th 291, 298 (1995) ("That the employment
     brought tortfeasor and victim together in time and place is not enough.").

22       [3] <u>Stimpson v. Grimes</u>, Civil Action No. 14-40052-DHH (D. Mass. July 22, 2014),
23   slip op. at 5 ("The alleged theft could not have been perceived by the TSA employee to
24   benefit TSA in any way; instead, it would have been prompted by purely personal
     motives."); <u>Sullivan v. Transp. Sec. Admin.</u>, No. 10-cv-16-PB, 2010 DNH 151, 2010
25   U.S. Dist. LEXIS 85662, at *7 (D.N.H. Aug. 19, 2010) ("[P]laintiffs have similarly
26   failed to identify any evidence to support the view that the theft of a watch by a TSA
27   agent, as opposed to the broader conduct of screening baggage, was motivated by a
     desire to serve the interests of TSA rather than merely the personal interests of the agent
28   who allegedly stole the watch. The mere fact that the theft was made possible by or arose

4

2.    <u>TSA's Alleged Failure to Properly Screen and Supervise</u>
<u>its' Employees is Barred by 28 U.S.C. § 2680(a)</u>

The United States has not waived its sovereign immunity to suit for Plaintiff's allegations of negligent screening and supervision of its' employees thereby enabling the theft of her property.  The discretionary function exception retains the sovereign immunity of the United States for "any claim … based upon the performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion be abused."  28 U.S.C. § 2680(a).  The exception "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  <u>Chadd v.United States</u>, 794 F.3d 1104, 1108 (9th Cir. 2015) (<u>quoting</u> <u>United States v. S.A. Empresa de Vicao Area Rio Grandense</u> (<u>Varig</u>), 467 U.S. 797, 808 (1984)).  It is designed to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort."  <u>Id</u>. (<u>quoting</u> <u>Varig</u>, 467 U.S. at 814.

The Supreme Court devised a two-step process for determining whether the discretionary function exception applies.  <u>See</u> <u>United States v. Gaubert</u>, 499 U.S. 315, 328-34 (1991) (applying the discretionary function exception at the pleading stage and

---

during a TSA-authorized search is, by itself, insufficient"); Report & Recommendation, <u>Korenius v. Transp. Sec. Admin.</u>, 09 Civ. 2158 (LAK) (RLE) (S.D.N.Y. Aug. 16, 2010), slip op. at 7 (TSA agent's alleged theft of purses are outside the scope of employment because any such theft was for personal gain and "not actuated to serve TSA"), adopted by Order dated September 9, 2010; <u>Carpenter v. Transp. Sec. Admin.</u>, Civil Action No. AW-08-2578, 2009 U.S. Dist. LEXIS 129650, at *6-7 (D. Md. Apr. 9, 2009) (dismissing complaint alleging TSA agent stole watch for lack of subject matter jurisdiction because "the alleged thief was not acting within the scope of his employment"); <u>Bradley v. Transp. Sec. Admin.</u>, 552 F. Supp. 2d 957, 961 (E.D. Mo. 2008) ("Because any TSA agent who may have removed items from plaintiff's luggage would be operating outside the scope of his employment at the time of those items' removal, plaintiff fails to satisfy his prima facie burden of showing that defendant TSA should be held liable for the loss of his belongings.").

1   directing dismissal of the Complaint for lack of subject matter jurisdiction.)  First the

2   Court considers whether the challenged conduct is "discretionary in nature" i.e., if the

3   acts involve an element of judgment or choice." Chadd, 794 F.3d at 1108-09 (quoting

4   Gaubert, 499 U.S. at 322).  If there is a statute, regulation or policy that dictates

5   "mandatory and specific" action, the discretionary function exception cannot apply as

6   "there can be no element of discretion … but to adhere to the directive." Id., (quoting

7   Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008)).

8        Second, a court considers whether the challenged action "is of the type Congress

9   meant to protect" under the discretionary function exception, i.e., whether it "involves a

10  decision that is susceptible to social, economic, or policy analysis." Ard v. FDIC, 770 F.

11  Supp. 2d 1029, 1034 (C.D. Cal. 2011).  In conducting this inquiry, the Supreme Court

12  has emphasized that the discretionary function exception "is not confined to the policy or

13  planning level" and extends "to the actions of Government agents" taken "in the course

14  of day-to-day activities." Further, the decisions at issue need not be actually grounded in

15  policy considerations, but simply susceptible to such an analysis.  Chadd, 794 F.3d at

16  1109; Gaubert, 499 U.S. at 325.

17       Plaintiff's allegations fall squarely within the discretionary function exception.

18  Although the United States bears the burden of proving the application of the exception,

19  a plaintiff must nonetheless allege a claim "that is facially outside of the discretionary

20  function exception in order to survive a motion to dismiss." Doe v. Holy See, 557 F3d

21  1066, 1084 (9th Cir. 2009) (per curium) (quoting  Prescott v. United States, 973 F.2d

22  696, 702 & n.4 (9th Cir. 1992)); see also Ard, 770 F.Supp. 2d at 1034 (requiring the

23  plaintiffs to identify whether any federal statute, regulation or policy applied to the

24  conduct challenged in the lawsuit).  Plaintiff has not and cannot do so.  Consequently,

25  the first step of the discretionary function exception analysis is satisfied.

26       Moreover, the second prong of the discretionary function analysis is satisfied as

27  well.  Plaintiff's contention is, in essence, that the TSA negligently failed to hire, train

28  and/or supervise its' employees properly because had it done so, her watch would not

have been stolen. Such a claim is the quintessential instance of the type of judicial second-guessing that courts are ill-equipped to provide. For this reason, the Ninth Circuit has long held that that claims of "negligent and reckless employment, supervision and training … fall squarely within the discretionary function exception. Nurse v. United States, 226 F.3d 996, 1001 (9th Cir. 2000); accord Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000) (holding that the discretionary function exception barred claims of negligent supervision and retention where a federal employee shot the plaintiff with a service revolver, did not attend firearms testing and had previously been investigated for fire—arms-related violence). See also Gager v. United States, 149 F.3d 918, 920-22 (9th Cir. 1998) (USPS decision not to provide training and supervision in mail bomb detection barred by the discretionary function exception).

Consequently, drawing all reasonable inferences in her favor, Plaintiff has failed to allege facts that bring her claims within the FTCA's limited waiver of sovereign immunity to acts undertaken by employees outside of the course and scope of their employment or as barred by the discretionary function exception. 28 U.S.C. §§ 1346(b), 2680(a). Therefore, the action should be dismissed with prejudice for lack of subject matter jurisdiction.

B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Even if the Court were to find that it has subject matter jurisdiction over Plaintiff's claims, which for the foregoing reasons does not exist, Plaintiff has failed to state an actionable claim for negligence. The Supreme Court has made clear that while Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A

Complaint does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).[4]

To state a claim for negligence under California law, Plaintiff must show that: (1) the United States owed Plaintiff a legal duty to use due care; (2) the United States breached that duty; and (3) such breach was the proximate or legal cause of the resulting injury. Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996). Even assuming that the TSA had a general duty under California law to the travelling public, that duty is not to secure items abandoned by a Plaintiff who leaves her property behind at a security checkpoint.  Indeed, The TSA's mission is to "[p]rotect the nation's transportation systems to ensure freedom of movement for people and commerce." See Mission, Vision, and Core Values, Transportation Security Administration, supra footnote 6.[5] While the Complaint describes a loss of property by Plaintiff, apart from the implication of TSA employee theft, it alleges little else. Indeed, the Complaint leaves open the very likely possibility that one of the numerous other travelers who pass through LAX every day was responsible for the disappearance of Plaintiff's watch.

---

[4] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (quoting Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557) (brackets and internal quotation marks omitted).

[5] As far as individuals traveling with jewelry are concerned, TSA public websites are replete with advisories that such valuables be placed into carry-on baggage if wearing it sets off the scanners.  See e.g. TSA travel tips at TSA.gov; https://www.tsa.gov/blog/2013/04/30/tsa-travel-tips-tuesday-wearing-expensive-jewely-through-tsa-checkpoints; https://www.tsa.gov/travel/security-screening/whatcanibring/items/jewelry;

1    The alleged events described in the Complaint establish only that, on September
2    15, 2014, Plaintiff forgot to retrieve her watch from the security checkpoint and was
3    unable to locate her watch when, on some unspecified later date or time, she returned to
4    LAX. The Complaint is silent as to what may have happened in between the time she
5    forgot to retrieve her watch and when she returned to LAX. While it is theoretically
6    possible that a TSA employee was somehow connected to the loss of Plaintiff's watch, it
7    is far more plausible that the loss of her watch can be attributed to other causes. It is
8    well-settled that "[w]here a complaint pleads facts that are merely consistent with a
9    defendant's liability, it stops short of the line between possibility and plausibility of
10   entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557)
11   (brackets and internal quotation marks omitted). The Court, therefore, should dismiss
12   Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

13   IV.   CONCLUSION
14       For the reasons set forth above, Plaintiff's Complaint should be dismissed for lack
15   of subject matter jurisdiction or for failure to state a claim upon which relief can be
16   granted.

17   November 20, 2017          Respectfully submitted,

18                              SANDRA R. BROWN
19                              Acting United States Attorney
                                DOROTHY M. SCHOUTEN
20                              Assistant United States Attorney
                                Chief, Civil Division
21                              ROBYN-MARIE LYON MONTELEONE
22                              Assistant United States Attorney
                                Chief, General Civil Section
23

24                              _____/s/ Julie Zatz_____
25                              JULIE ZATZ
                                Assistant United States Attorney
26                              Attorneys for Defendant United States of America

27

28

9